IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYDS,**<br><br>    Plaintiffs,<br><br>v.<br><br>**CSX TRANSPORTATION, INC., EVANSVILLE WESTERN RAILWAY, INC., and PADUCAH & LOUISVILLE RAILWAY, INC.,**<br><br>    Defendants. | Case No. 20-cv-0795-SPM |

**MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss Counts II through V of Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants, CSX Transportation, Inc. ("CSX") and Evansville Western Railway, Inc. ("EVWR"). For the reasons set forth below, the Court GRANTS the Motion to Dismiss counts II through V of the Amended Complaint.

PROCEDURAL BACKGROUND

1. **Western District of North Carolina**

On February 14, 2019, plaintiff, Certain Underwriters at Lloyds ("Lloyds") filed a six-count Complaint against CSX and EVWR in the United States District Court for the Western District of North Carolina, *to wit:* 3:19-cv-00079. (Doc. 1). The complaint was an action to recover for the loss of four locomotives that were destroyed during a derailment in or near Lilesville, Anson County, North Carolina on

September 16, 2018. *Id.* The locomotives had a combined net value of at least $6,040,364.00. *Id.*

On April 11, 2019, CSX answered Count I of the complaint and filed a motion to dismiss Counts II through VI for failing to state a cause of action pursuant to Rule 12(b)(6). (Docs. 27 and 29). EVWR filed a motion to dismiss for improper venue, and in the alternative, for lack of personal jurisdiction, along with supporting memorandum of law (Docs. 30-31), and also joined in the motion to dismiss counts II through VI that had been filed by CSX. (Doc. 32). On May 13, 2019, Lloyds filed a response in opposition to motion to dismiss and replies to the response were filed by CSX and EVWR on May 28, 2019. (Docs. 37-38).

On June 24, 2020, CSX filed a motion to change venue and notice of consent to transfer if EVWR's motion to dismiss for improper venue was granted, along with supporting memorandum of law. (Docs. 40-41). On July 8, 2019, Lloyds filed a response in opposition to the motion to change venue, and a reply was filed by CSX on July 15, 2019. (Docs. 42, 43).

On January 6, 2020, Magistrate Judge David Keesler filed a Memorandum and Recommendation regarding the outstanding motions, including motion to dismiss for improper venue, and in the alternative, for lack of personal jurisdiction; motion to dismiss counts II through VI; and, motion to change venue. (Doc. 48). Lloyds filed an objection to the Memorandum and Recommendations on February 21, 2020 (Doc. 49), and both CSX and EVWR filed a reply to Lloyd's objection. (Doc. 50). Lloyds also filed a motion to amend complaint and supporting memorandum of law on February 20, 2020 (Docs. 52-53); a response was received from CSX and EVWR on March 5, 2020

(Doc. 54) and a reply to the response was received from Lloyds on March 12, 2020. (Doc. 55).

On August 18, 2020, United States District Judge Robert J. Conrad, Jr. , of the Western District of North Carolina, adopted the Memorandum and Recommendation and entered an Order that ultimately transferred this case to the United States District Court for the Southern District of Illinois. (Doc. 58). Specifically, Judge Conrad granted EVWR's motion to dismiss for improper venue, or in the alternative, for lack of personal jurisdiction, as well as CSX's motion to change venue. *Id.* Said Order also overruled Lloyd's objections to the Memorandum and Recommendations and dismissed CSX's Motion to Dismiss pursuant to 12(b)(6) without prejudice.[1] *Id.*

**2. Southern District of Illinois**

On August 19, 2020, this matter was transferred in from the District of North Carolina Western. (Doc. 59). This case was originally assigned to the Honorable Judge John Gilbert, who assigned Track C and scheduled the final pretrial conference for February 2, 2022 and jury trial on February 14, 2022. (Doc. 75). After reassignment to this Court, a telephonic scheduling conference was held on October 27, 2020. (Doc. 79). At that time, a scheduling order was entered, and Lloyds was granted leave to file Amended Complaint. (Docs. 82, 83).

On November 11, 2020, the Amended Complaint was filed with this Court, going from six counts to five and adding Paducah & Louisville Railway, Inc. as a party

---

[1] With respect to Defendants' Motion to Dismiss Claims for Relief Two Through Six of Plaintiff's Complaint, the Court adopted the M & R, which stated the following,:"[B]ased on the undersigned's representations regarding venue and transfer of this matter to the Southern District of Illinois, the undersigned will recommend that the motion to dismiss claims two through six of the Complaint be denied without prejudice." (Doc. 48, p. 15).

Page 3 of 8

defendant. (Doc. 84). All five counts are directed against all three defendants and are as follows: (I) Carrier liability pursuant to the Carmack Amendment (49 U.S.C. §11706(a)); (II) Common carrier liability for violations of the federal Bill of Lading Act (alternatively, non-delivery under 49 U.S.C. § 80110); (III) Common carrier liability for violations of the federal Bill of Lading Act (mis-delivery/conversion under 49 U.S.C. § 80111); (IV) Negligence, gross negligence, willful or wanton conduct; and, (V) Conversion. (*Id.*).[2]

On November 24, 2020, CSX and EVWR answered count I of the amended complaint. (Docs. 91, 92). On November 24, 2020, CSX and EVWR also filed a joint motion to dismiss counts II through V of amended complaint, along with supporting memorandum of law. (Docs. 93, 94). On December 23, 2020, Lloyds filed a response in opposition to joint motion to dismiss counts II through V that was filed by CSX and EVWR. (Doc. 114). On January 6, 2021, oral argument was held via Zoom with respect to this motion. (Doc. 119).

On December 22, 2020, PAL was served with the amended complaint. (Doc. 118). On January 12, 2021, PAL filed a motion to dismiss amended complaint, along with memorandum of law in support of motion. (Docs. 122-123). Plaintiff's response to this motion is due on or before February 16, 2021.

---

[2] Count I of the Amended Complaint begins with paragraph 60 but, "Plaintiffs reassert and re-allege paragraphs 1-59 as though fully set forth herein." Count II begins with paragraph 67 but, "Plaintiffs reassert and re-allege paragraphs 1 through 66 as though fully set forth herein. Count III begins with paragraph 73 but, "Plaintiffs reassert and reallege paragraphs 1 through 72 as though fully set forth herein." Count IV begins with paragraph 77 but, "Plaintiffs reassert and reallege paragraphs 1 through 76 as though fully set forth herein." (*Id.*). Count V of the Amended Complaint begins with paragraph 85 but, "Plaintiffs reassert and re-allege Paragraphs 1 through 84 as though fully set forth herein."

## FACTUAL BACKGROUND

Prior to September 2018, Lloyds had an insurance relationship with National Railway Equipment Co. ("NRE"). (Doc. 84). This is an action to recover for the loss of four Locomotives, identified as NREX 122-125, with a combined value of at least $6,040.364.00. (*Id.*). The locomotives were to be delivered to a North Carolina entity at the Port of Wilmington; however, Hurricane Florence struck the area and the locomotives never made it to their final destination. (*Id.*).

On September 7, 2018, the shipping commenced. (*Id.*). On September 16, 2018, the four locomotives were destroyed during a derailment in or near Lilesville, Anson County, North Carolina. (*Id.*).

Lloyds contends in paragraph 61 that "Defendants are rail carriers within the meaning of the Carmack Amendment (and also as defined in 49 U.S.C. 10102(5))." *Id.* Both CSX and EVWR admit to being a rail carrier within the meaning of the Carmack Amendment, but deny the remaining allegations of paragraph 61. (Docs. 91, 92).

## LAW

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; instead, a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chicago,* 910 F.2d 1510 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in their favor. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614 (7th Cir. 2007)

The Court of Appeals for the Seventh Circuit has clarified that courts must approach Rule 12(b)(6) motions by construing the complaint in the light most

favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010) (*quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under this standard, a plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest a right of relief that is beyond speculative level." *In re marchFIRST Inc.*, 589 F.3d 901 (7th Cir. 2009).

There are two hurdles or tenets that must be overcome in order to state a cause of action under Rule 12(b)(6). *E.E.O.C. v. Concentra Health Servs, Inc.,* 496 F.3d 773 (7th Cir. 2007). First, the complaint must describe the claim in enough detail to give fair notice of the claim and the grounds for it; a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp.,* 550 U.S. 544 (2007). Second, the complaint must state a claim "plausible on its face', meaning the plaintiff's right to relief must rise above a "speculative level". *Id.* at 579. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "Plausibility is not a synonym for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016).

## ANALYSIS

Federal pleading requires notice, not fact pleading. In other words, a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). However, there is

an issue that needs to be addressed with respect to this matter.

In Paragraph 61 of the Amended Complaint, plaintiffs state as follows: "Defendants are rail carriers within the meaning of the Carmack Amendment (and also as defined in 49 U.S.C. § 10205(5))". (Doc. 84). Then, with respect to Counts II through V, which are the basis of this Motion to Dismiss, plaintiffs' reassert and reallege a number of paragraphs, including Paragraph 61 *infra,* which in turn expressly incorporates that the defendants are rail carriers within the meaning of the Carmack Amendment. (*Id.*). CSX and EVWR also admit in their answers to count I that they are rail carriers within the meaning of the Carmack Amendment, respectively. (Docs. 91, 92). While plaintiff is entitled under Rule 8(d)(2) of the Federal Rules of Civil Procedure to plead alternative claims and/or theories, they cannot include allegations, even incorporating by reference, that are blatantly contradictory. *See Canadian Pacific Railway Company v. Williams-Hayward Protective Coatings, Inc.,* 2003 WL 1907943 (N.D. Ill. 2003).

The Carmack Amendment imposes upon "receiving rail carriers" and "delivering rail carriers" liability for damage caused during the rail route under the bill of lading, regardless of which carrier caused the damage. 49 U.S.C. § 11706(a); *Kawasaki Kisen Kaisha, Ltd., Regal-Beloit Corp.*, 561 U.S. 89 (2010). The purpose of the Carmack Amendment was to create a "nationally uniform rule of carrier liability for interstate shipments". North Am. Van Lines, Inc. v. Pinkerton Sec. Systems, Inc., 89 F.3d 452 (7th Cir. 1996). The Carmack Amendment provides shippers with the statutory right to recover for actual losses or injuries to their property caused by carriers involved in the shipment and contains a comprehensive remedial scheme whereby a shipper

whose cargo is lost or damaged by a carrier may recover damages for that loss. *Gordon v. United Van Lines, Inc.,* 130 F.3d 282 (7th Cir. 1997).

Although the shipping agreement is to be set out in a bill of lading, which becomes the governing contract between the parties, Carmack's provisions are deemed incorporated into all such contracts. *Kawasaki Kisen Kaisha, Ltd.,* 561 U.S at 104. Failure to issue a receipt or bill of lading does not affect the liability of a rail carrier. *Id.*

In the instant case, the Carmack Amendment applies. Lloyds, CSX and EVWR have all expressly stated this.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the Motion to Dismiss Counts II through V of Amended Complaint; however, the Court further grants plaintiff thirty (30) days to file a Second Amended Complaint. As such, defendants are NOT ordered to file an answer to Counts II through VI of the Amended Complaint.

**IT IS SO ORDERED.**

**DATED:** January 25, 2021

/s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**