IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYDS,**<br><br>      Plaintiffs,<br><br>v.<br><br>**CSX TRANSPORTATION, INC., EVANSVILLE WESTERN RAILWAY, INC., and PADUCAH & LOUISVILLE RAILWAY, INC.,**<br><br>      Defendants. | Case No. 20-cv-0795-SPM |

**MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss plaintiff's second amended complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, Paducah and Louisville Railway, Inc. ("PAL") (Doc. 139). For the reasons set forth below, the Court denies the Motion to Dismiss in its entirety.

**PROCEDURAL BACKGROUND**

On February 14, 2019, plaintiff, Certain Underwriters at Lloyds ("Lloyds") filed its initial complaint against CSX Transportation, Inc. ("CSX") and Evansville Western Railway, Inc. ("EVWR") in the United States District Court for the Western District of North Carolina, *to wit:* 3:19-cv-00079 (Doc. 1). On August 18, 2021, before any action was directed against PAL, this matter was transferred to the Southern District of Illinois (Doc. 58).

On October 27, 2020, a scheduling conference was held before this Court, with counsel for Lloyds, CSX and EVWR appearing by telephone (Doc. 81). At that time, a a scheduling Order was entered (Doc. 82). On October 28, 2021, Lloyds was granted leave to file amended complaint, which was done on November 6, 2020 (Docs. 83-84). The amended complaint added PAL as a defendant in this matter (Doc. 84). Although PAL is Kentucky corporation with its principal place of business also in Kentucky, Lloyds asserted that the three defendants were so intertwined under 49 U.S.C. § 10102(3) that liability and jurisdiction attached to all three (*Id.,* ¶6).

On December 28, 2020, Lloyds filed the summons indicating that PAL was served with summons on 12/22/2020 and had a responsive pleading due date of 1/12/2021 (Doc. 118). On January 12, 2021, PAL filed its motion to dismiss for lack of jurisdiction and for failure to state a claim along with supporting memorandum of law (Docs. 122-123). On January 25, 2021, this Court dismissed the amended complaint on other grounds, but granted Lloyds leave to file a second amended complaint; thus, the Court did not address PAL's motion to dismiss (Doc. 125).

On February 16, 2021, Lloyds filed its second amended complaint, with counts I – V asserted against CSX, EVWR, and PAL, and count VI asserted only against PAL (Doc. 131). The counts were broken down as follows: (I) Liability pursuant to the Carmack Amendment (49 U.S.C. § 11706 (a)); (II) Common carrier liability for violations of the federal bill of lading act (non-delivery under 49 U.S.C. § 80110); (III) Common carrier liability for violations of the federal bill of lading act (misdelivery

under 49 U.S.C. § 80111); (IV) Negligence, gross negligence, willful or wanton conduct; (V) Conversion; and (6) Contract to deliver goods (*Id.*).

On March 3, 2021, PAL filed a motion to dismiss for lack of jurisdiction and for failure to state a claim, along with supporting memorandum of law (Docs. 139-140). Attached to their motion was an Affidavit of Tom Greene, which purported to contest jurisdiction in Illinois (Doc. 140-1). On April 5, 2021, Lloyds filed its response in opposition to motion to dismiss (Doc. 160).

On May 20, 2021, this court heard oral arguments regarding the motion to dismiss as well as other pending motions (Doc. 167). The parties argued jurisdiction with respect to PAL, and because an Affidavit was filed in support of their motion, the Court granted Lloyds to opportunity to depose the affiant regarding his personal knowledge of the facts addressed in the Affidavit (Doc. 168).

On June 23, 2021, following the deposition that occurred on June 11, 2021, the Court granted Lloyds fourteen (14) days to supplement their response to the motion to dismiss (Doc. 178). On July 7, 2021, Lloyds filed their response in opposition (Doc. 181). On July 19, 2021, PAL filed a response (Doc. 185). As such, this matter is now ripe for resolution.

**FACTUAL BACKGROUND**

This action arises out of the derailment of several locomotives, identified as NREX 122-125, that had a combined value of more than $5,000,000 (Doc. 131). Prior to September 2018, Lloyds had an insurance relationship with National Railway Equipment Co. ("NRE") and are subrogees of NRE. (Doc. 131). The locomotives were

to be delivered to a North Carolina entity at the Port of Wilmington; however, Hurricane Florence struck the area and the locomotives never made it to their final destination (*Id.*).

NRE, an Illinois corporation with its principal place of business in Mt. Vernon, Illinois was the shipper, while EVWR and CSX claim to be the "originating carrier" and "delivering carrier" as the terms are defined in the Carmack Amendment (*Id.*). The terms of the shipment were memorialized in shipping instructions and EDI communications[1] (*Id.,* ¶43). The shipping instructions were then issued through pltransportation.us, which is a domain registered to PAL (*Id.,* ¶44). Printouts of the EDI communications were generated through palrr.net, which is another domain registered to PAL (*Id.,* ¶45).

On September 7, 2018, the shipment commenced in the Southern District of Illinois, but was not due to arrive in Wilmington, North Carolina for several weeks (*Id.*). CSX conducted a pre-shipment inspection of the locomotives and issued clearance for the shipment. (*Id.*). On September 16, 2018, the four locomotives derailed in or near Lilesville, Anson County, North Carolina (*Id.*). Prior to the derailment, the surrounding areas were under a flood watch and the Port of Wilmington was closed due to the weather (*Id.*).

---

[1] These documents are attached to the Second Amended Complaint as Exhibit 6, and constitute the Bills of Lading data.

## ANALYSIS

### I. Rule 12(b)(2) of the Federal Rules of Civil Procedure

#### A. Law

A motion to dismiss under Rule 12(b)(2) challenges whether the Court has jurisdiction over a party. Fed.R.Civ.P. 12(b)(2). The party asserting jurisdiction has the burden of proof. *Tamburo v. Dworkin*, 601 F.3d 693 (7th Cir. 2010). The Court may consider affidavits and other competent evidence submitted by the parties. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003).

If the Court rules on the motion without a hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction as the Court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018 (7th Cir. 2009); *Central States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870 (7th Cir. 2006) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387 (7th Cir. 1983)). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction," however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. Any dispute concerning relevant facts is resolved in the plaintiff's favor. *Id.* at 782–83.

The seminal case regarding the assertion of personal jurisdiction was decided approximately seventy-five (75) years ago when the Supreme Court held that defendant must have minimum contacts with the forum state "such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310(1945). In other words, the commission of some single or occasional acts of the corporate agent in a state may sometimes be enough to subject the corporation to jurisdiction in that State's tribunals with respect to suits relating to that in-state activity. *Id.* at 317318. Following *International Shoe,* "the relationship among the defendant, the forum, and the litigation, became the central concern of the inquiry into personal jurisdiction." *Shaffer v. Heitner,* 433 U.S. 186 (1977).

The contacts must be established by the purposeful acts of the defendant, and not the "unilateral activity of another party". *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239 (7th Cir. 1990). Critical to the analysis is a showing that the defendant reasonably anticipated being haled into court in the forum state, and not as a result of random, fortuitous or attenuated contacts. *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286 (1980). And because "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity," it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity. *McGee v. International Life Insurance Co.,* 355 I.S. 220 (1957).

Ordinarily, jurisdictional contacts cannot be imputed. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 778 (7th Cir. 2003). However, personal jurisdiction is based on evidence of control, rather than on a corporation's general

description. *See City of Greenville, Ill. v. Syngenta Crop Protection, Inc.* 830 F.Supp.2d 550 (S.D. Ill., Nov. 23, 2011).

## B. Discussion

Because there was oral argument, Lloyds has to present affirmative evidence in support of jurisdiction. *See Purdue*, 338 F.3d at 783. In this case, they have done so. Lloyds contends that the defendants, PAL, CSX and EVWR, were so intertwined that it is hard to tell where one begins and the other one ends. Furthermore, they all act for the mutual benefit of one another.

The corporate boards of EVWR and PAL are virtually identical, not to mention the companies share the same president, CEO and COO (Doc. 181, p. 2). Additionally, many of the employees at PAL perform tasks as EVWR employees and all conduct business out of the same location, 200 Clark Street, Paducah, KY (Doc. 181, p.3). They change their "imaginary hat" depending upon for which entity they are acting (*Id*).

There is a management agreement between PAL and EVWR wherein EVWR pays PAL $500,000 monthly ($6,000,000 annually) to perform functions on their behalf (*Id.,* p. 4*)*. PAL handles EVWR's sales and marketing, operations management, communications functions, benefit administration, and much more. PAL also has the computer technology that includes a program called PAL Connect, which encompasses the shipping and movement of cargo, even on EVWR's Evansville-Okawville Line, although is run by PAL's employees (*Id.,* p. 8)

The Court could continue *ad nauseum* about how these defendants are intertwined, not just implicitly, but also explicitly, but does not need to do so. It is

Lloyd's burden to show that jurisdiction exists, and at this stage, any dispute is in Lloyd's favor. *Purdue*, 338 F.3d at 783. Lloyds has clearly surmounted the jurisdictional hurdle in this case. PAL was intimately involved in almost every aspect of EVWR; therefore, there is no affront to due process nor would it offend traditional notions of fair play and justice to require PAL to appear in this Court.

## II. Rule 12(b)(6) of the Federal Rules of Civil Procedure

### A. Law

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Plausibility is not a symptom for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016).

The Court of Appeals for the Seventh Circuit has clarified that courts must approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010) (*quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under this standard, a plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest

a right of relief that is beyond speculative level." *In re marchFIRST Inc.,* 589 F.3d 901 (7th Cir. 2009).

### B. Discussion

This Court previously went through the analysis of Counts II through IV of plaintiff's second amended complaint when it denied the motion to dismiss filed by CSX and EVWR, and adopts those same arguments herein and denies the motion with respect to those counts.

**Count I** – In its first claim for relief, Lloyds asserts carrier liability pursuant to the Carmack Amendment (49 U.S.C. §11706(a)) (Doc. 131). Although Lloyds cites to the applicable statute and correctly states a cause of action, the Court has some reticence as to whether it can apply to PAL. However, that is not required at this stage, where they only need to show plausibility, not probability.

**Count VI** – Lloyds asserts a claim for breach of contract to deliver against PAL (Doc. 131). A breach of contract claim consists of the following four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by plaintiff; (3) a breach by defendant; and, (4) damages that resulted from the breach. *Sevugan v. Direct Energy Servs.,* 931 F.3d 610 (7th Cir. 2019). Again, the Court has some concerns this count since PAL was not a party to the contract, although PAL connect was used and PAL's number was provided for questions and concerns, but this stage only requires a showing of plausibility, not probability.

In light of the foregoing, at this time and without the benefit of a fully developed evidentiary record, the Court is not prepared to determine whether Lloyd's will prevail. For now, Lloyds has sufficiently pled multiple causes of action against PAL and has plausibly alleged that they are entitled to relief. Because the purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits, any disputed issues may be better suited for disposition on a motion for summary judgment, after the case has been more fully developed.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Paducah and Louisville Railway, Inc.'s Motion to Dismiss (Doc. 131) in its entirety. The Court further terminates PAL's Motion to Stay Discovery Pending Disposition of Its Motion to Dismiss (Doc. 144) as moot. As such, PAL is DIRECTED to answer second amended complaint September 1, 2021.

**IT IS SO ORDERED.**

**DATED: <u>August 2, 2021</u>**

<u>/s/ Stephen P. McGlynn</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**