## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CERTAIN UNDERWRITERS AT
LLOYDS,

      Plaintiffs,

v.

CSX TRANSPORTATION, INC.,
EVANSVILLE WESTERN
RAILWAY, INC., and PADUCAH &
LOUISVILLE RAILWAY, INC.,

      Defendants.

Case No. 20-cv-0795-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Motion for Partial Reconsideration and Clarification filed by CSX Transportation, Inc. ("CSX") (Doc. 305). For the reasons set forth below, the Motion for Reconsideration is **DENIED**; however, the Motion for Clarification is **GRANTED** with respect to the Court's prior Order regarding negligence.

## BACKGROUND[1]

The full procedural and factual background of this case are set out in greater detail in the Court's previous orders. This Order is limited to the motion at issue.

On February 11, 2022, this Court entered a Memorandum and Order regarding three separate motions for summary judgment that had been filed by plaintiffs Certain Underwriters at Lloyd's ("Lloyds") (Doc. 251), defendant CSX (Doc. 239), and defendant Evansville Western Railway, Inc. ("EVWR") (Doc. 242), respectively (Doc. 300). Within

---

[1] On February 14, 2019, Lloyds initiated this case by filing its Complaint in the Western District of North Carolina, *to wit:* 3:19-cv-00079 (Doc. 1). On August 19, 2020, this matter was transferred to this district.

that Order, the Court granted in part and denied in part the motions for summary judgment filed by Lloyds and CSX, but granted the entirety of the motion for summary judgment filed by EVWR (*Id.*, p. 25). Specifically, the Court held that Lloyds may proceed to trial on its first claim for relief under the Carmack Amendment, but that the second thru fifth claims for relief were either preempted by Carmack or were not viable under the Bill of Lading Act (*Id.*, p. 26). The Court also found that EVWR had successfully limited its liability, but that there remained a question of fact as to whether CSX had perfected its limit of liability (*Id.*).

## ANALYSIS

## I.    Partial Reconsideration

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. *See Hope v. United States,* 43 F.3d 1140, 1142, n. 2 (7th Cir.1994) (stating that "strictly speaking" a motion for reconsideration does not exist under the Federal Rules of Civil Procedure); *Talano v. Northwestern Mutual Faculty Foundation, Inc.,* 273 F.3d 757, 760 (7t Cir. 2001) (Technically, a "Motion for Reconsideration" does not exist under the Federal Rules of Civil Procedure. A properly termed Rule 59(e) motion is a "Motion to Alter or Amend Judgment."). Nevertheless, CSX filed its motion for reconsideration, which it claimed was being brought pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure, which is entitled "Motion to Alter or Amend a Judgment" and which states,

> "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Altering or amending through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59

motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted).

A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015)(citations and internal quotations omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

Prior to getting to the proper standard to reconsider a prior judgment; however, is the prerequisite entry of a judgment. Unless expressly stated otherwise, an order granting partial summary judgment is not a final judgment. Indeed, "the word "judgment" in the term "partial summary judgment" is a misnomer. *Minority Policy Officers Ass'n of South Bend v. City of South Bend, Ind.,* 721 F.2d 197 (7th Cir. 1983). A partial summary judgment is merely an order deciding one or more issues in advance of trial; it may not be a judgment at all, let alone a final judgment on a separate claim. *Id.* at 200.

Because no final judgment was entered, CSX should have filed its motion for reconsideration of the Order granting partial summary judgment pursuant to Rule 54 (b) of the Federal Rule of Civil Procedure 54(b). [A] district court's "partial summary judgment" is not subject to the strictures of Rule 59(e). *Deimer v.*

*Cincinnati Sub-Zero Products, Inc.,* 990 F.2d 342, 346 (7th Cir. 1993). Instead, Rule 54(b) provides in pertinent part:

> "[A]ny order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

In this case, CSX's motion for reconsideration was filed on the twenty ninth day. Although Rule 54 does not include a timeliness requirement, the Seventh Circuit has held such motions generally should be filed no "more than thirty days after the entry of the adjudication to which it relates." *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017). In "extremely rare" cases, courts may grant an exception if "dilatoriness is not occasioned by neglect or carelessness in which the application of this general rule might be abrogated in the interest of justice." *Id.*

In furtherance of judicial economy and because there is no express time limitation for filing a motion under Rule 54(b) preventing CSX from filing another motion to reconsider, albeit pursuant to Rule 54(b), this Court will assess the motion under that scenario.

Motions to reconsider should be granted only in rare circumstances. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). A party moving for reconsideration bears a heavy burden. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice." See *Ghashiyah v. Frank*, 2008 WL 680203 (E.D. Wis. Mar. 10,

2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.*

In addressing a motion to reconsider an interlocutory order, courts in this District have applied the standard established in *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990). A motion for reconsideration brought pursuant to Rule 54(b) may be granted where the Court has obviously misunderstood a party, where the Court's decision rests on grounds outside the adversarial issues presented to the Court by the parties, where the Court has made an error, not of reasoning but of apprehension, where there has been a controlling or significant change in the law since the submission of the issue to the Court, or where there has been a controlling or significant change in the facts of the case. *See Bank of Waunakee,* 906 F.2d at 1191. To the contrary, a motion for reconsideration is not an appropriate vehicle for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration. *Caisse Nationale de Credit Agricole,* 90 F.3d at 1269.  Indeed, it is well-settled that a motion to reconsider is not a proper vehicle to advance arguments or legal theories that could and should have been made before the Court entered its order or to present evidence that was available earlier. *See Sigsworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir.2007) (citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995)).

Motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Ghashiyah*, 2008 WL

680203, at *3. The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller*, 683 F.3d at 813 (citation and internal quotation marks omitted).

Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (citation and internal quotation marks omitted). A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances. *Mahurkar v. C.R. Bard, Inc.*, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

In its motion, CSX focuses its argument on whether it perfected its limitation of liability, setting forth three reasons the Court erred in its Order (Doc. 305). First, CSX refers to the deposition testimony of Jay Smith and points to various portions of the testimony to support its argument that there was an effective liability limitation under the accepted *Hughes* test. Second, CSX refers to the decision, *ABB Inc. v. CSX Transp., Inc.*, 721 F.3d 135 (4th Cir. 2013) in an attempt to distinguish Seventh Circuit precedent from the Fourth Circuit. Third, CSX argues that documentary evidence supports a valid

liability limitation and compels summary judgment because the STCC code referenced in the Waybill encompassed CSX as well as EVWR.

None of these arguments are persuasive. None of these arguments are novel as they were all previously litigated before the Court during the motion hearing. There was no manifest error of law or fact and the Court remains convinced of the correctness of its decision. As such, the Motion for Partial Reconsideration is **DENIED**.

## II.    Clarification

In the second portion of their motion (Doc. 305), CSX seeks clarification of the Court's discussion of negligence (Doc. 300). Specifically, CSX requests this Court to excise the header (I.B.), which was entitled, "CSX was Negligent and is Not Entitled to Statutory Defense" from said Order and redact portions of the Order that reference negligence (*Id.*).

This Court did not intend to be confounding or infer that negligence was conceded by CSX or proven by Lloyds. Instead, this Court was attempting to identify the two-step burden shifting analysis under the Carmack Amendment, i.e. that CSX was not negligent <u>and</u> a statutory exception was asserted by CSX. The Court found that the issue of negligence was moot because CSX was not raising a statutory defense to the Carmack claim. Furthermore, this Court granted summary judgment with respect to plaintiff's fifth claim for relief, Negligence, Gross Negligence, Willful or Wanton Conduct, and found it was preempted under the Carmack Amendment (Doc. 300, p. 26).

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion for Partial Reconsideration. The Court further **GRANTS** in part the Motion for Clarification as set

forth *infra*, but **DENIES** in part as to excising and redacting the prior Order regarding Summary Judgment.

**IT IS SO ORDERED.**

**DATED:** __April 18, 2022__

__/s/ Stephen P. McGlynn__
**STEPHEN P. McGLYNN**
**U.S. District Judge**
