IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS,<br><br>    Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC., and EVANSVILLE WESTERN RAILWAY, INC.,<br><br>    Defendants. | Case No. 20-cv-0795-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are the following separate matters: (1) Bill of Costs filed by CSX Transportation, Inc. ("CSX") on March 7, 2023 (Doc. 408); (2) Motion for Attorney Fees and Costs filed by Certain Underwriters at Lloyds ("Lloyds") on April 10, 2023 (Doc. 417); (3) Bill of Costs filed by Lloyds on April 10, 2023 (Doc. 419); and, (4) Motion for an Award of Prejudgment Interest by Lloyds filed on April 10, 2023 (Doc. 421). The Court will address each document individually.

I.  BILL OF COSTS (Docs. 408 and 419)

A. Law

Federal Rule of Civil Procedure 54(d) authorizes the Court to award costs – other than attorney's fees – to prevailing parties. *See also Rivera v. City of Chi.,* 469 F.3d 631, 634 (7th Cir. 2006) ("Rule 54(d) provides a presumption that the losing party will pay costs."). The losing party bears the burden of an affirmative showing

that taxed costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005).

The term "costs" is defined more specifically in 28 U.S.C. § 1920 – Taxation of Costs, which states the following:

> "A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

The Supreme Court has held that the definition of "costs" in § 1920 shall be applied in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987). Indeed, Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). Furthermore, section 1920 is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party. *Id.* at 442.

**B. Analysis**

On February 11, 2022, this Court entered an Order granting in part the Motion for Summary Judgment filed by Lloyds as to CSX (Doc. 300). Specifically, the Court found that there was no question of fact that Lloyds had established a *prima facie* case under Carmack as to CSX; however, there remained a question of fact as to its affirmative defense and whether CSX had effectively limited its liability (*Id.*). On October 21, 2022, following 4 days of trial, the jury answered that question finding that CSX effectively limited its liability to NRE in the amount of $10,000 per locomotive, for a total award of $40,000 to Lloyds (Doc. 391).

On February 21, 2023, judgment was erroneously entered in favor of defendant CSX Transportation, Inc. as the jury verdict determined that liability had been reduced pursuant to the affirmative defense asserted by CSX (Doc. 391). Shortly thereafter, CSX filed a Bill of Costs and Lloyds filed its timely objection (Docs. 408, 412).

On March 27, 2023, prior to issuing any ruling on CSX's Bill of Costs, the Court entered an Amended Judgment in favor of Lloyds (Doc. 415). Shortly thereafter, on April 10, 2023, it was Lloyds' turn to file its Bill of Costs, along with Affidavit and 5 exhibits (Docs. 419, 420). On April 24, 2023, CSX filed its objection thereto (Doc. 423).

Accordingly, before reviewing the submitted costs and determining whether to grant or refuse to tax costs, the Court must first determine which party prevailed. Under Federal Rule 54(d), a party "prevails" when a final judgment awards that party substantial relief. *See Smart v. Local 702 Int'l Bhd. of Elec.*

*Workers,* 573 F.3d 523, 525 (7th Cir.2009). When a party obtains substantial relief, it prevails even if it does not win on every claim. *See Slane v. Mariah Boats, Inc.,* 164 F.3d 1065, 1068 (7th Cir.1999).

In this case, the answer is not clear. For example, Lloyds prevailed at summary judgment when the Court found it had established a *prima facie* case under Carmack against CSX (Doc. 300). However, was that substantial relief when all the other counts were dismissed? Furthermore, the jury awarded the lesser amount of damages and CSX seemingly prevailed at trial when the jury found it had limited its liability to $10,000 per locomotive (Doc. 391). Again, is that considered substantial relief?

Based upon the foregoing, the Court finds this to a be a case with mixed results with neither party prevailing to a substantial extent. In a case with mixed results, the district court retains especially broad discretion to award or deny costs. *Baker v. Lindgren,* 856 F.3d 498, 502 (7th Cir. 2017)*; Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999). Accordingly, the Court denies both Bills of Costs and declines to tax costs to either party as requested.

## II.　ATTORNEYS FEES & COSTS (Doc. 417)

On April 10, 2023, Lloyds filed a motion seeking attorney's fees and costs against CSX pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. §1927 (Doc 417). Specifically, Lloyds asserted that CSX failed to timely concede liability under Carmack to the extent the proceedings were multiplied "unreasonably and vexatiously" such that Lloyds had to expend additional costs to

debunk potential defenses and theories of liability (*Id.*). As such, Lloyds claims that $249,989 is a fair estimate of the attorney's fees pertaining to these issues.

Lloyds initiated this lawsuit and chose to assert numerous theories of liability, including Carmack, conversion, negligence, as well as statutory theories for recovery. From the onset, CSX was on the defensive on each of those theories. Furthermore, this Court is mindful that CSX has always maintained that this was a Carmack case and it was Lloyds that persisted in raising and arguing numerous other questionable theories. Additionally, the Court notes that many of the costs accrued in this case were due to the plaintiff's filing of various motions as well as numerous requests for sanctions, responses and replies to the various pending pleadings, as well as time spent both preparing for and conducting oral argument in support of or against the respective pleading. This case was contentious throughout and the Court is hard-pressed to recall a time when the parties agreed on any issue.

Section 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This is a very high standard for which Plaintiff has not met its burden. The proceedings have not been multiplied by the amount requested for attorney's fees. It is a natural progression of litigation for the opposing party to challenge the claims against it.

This Court concurs with CSX that Lloyds cannot meet this high burden, and, therefore, DENIES the Motion for Fees and Costs (Doc. 417).

### III.     PREJUDGMENT INTEREST (Doc. 421)

On April 10, 2023, Lloyds filed its motion seeking an award of prejudgment interest against CSX and EVWR in the amount of $17,555.55, an amount that was reached utilizing the federal rate of 2.66% on the $140,000 total judgment (Doc. 421). In this case, there is no question as to when the interest accrued, only whether the interest should be ordered. Indeed, Lloyds did not even raise the argument, acquiescing that the prejudgment accrued as of the October 12, 2018 date of payment, not as of the date of loss of September 16, 2023 (Id.).

There is a presumption in favor of awarding prejudgment interest. *In re Milwaukee Cheese, Wis, Inc.*, 112 F.3d 845, 849 (7th Cir. 1997) ("[A district court's] [d]iscretion must be exercised according to law, which means that prejudgment interest should be awarded unless there is a sound reason not to do so."). The basic purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately; it is designed to ensure that a party is fully compensated for its loss. *See City of Milwaukee v. Cement Div. Nat'l Gypsum Co.,* 515 U.S. 189, 195, (1995). Consequently, prejudgment interest is typically from the date of the loss or from the date on which the claim accrued. *See West Virginia v. United States,* 479 U.S. 305, 311, n. 2 (1987).

As a general rule, an insurer steps into the shoes of the insured and "acquires no greater or lesser rights than those of the insured." *American National Fire Insurance Company ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Systems, Incorporated,* 325 F.3d 924, 935 (7th Cir. 2003). However, there is a limitation on

the rights of a subrogee that must be taken into account as the right is generally one of indemnification - a subrogee "is entitled to indemnity to the accrues extent only of the money actually paid by him to discharge the obligation ... or the value of the property applied for that purpose." *Id.* In other words, even though Lloyds paid more than $5,000,000.00 to its insured, its recovery was limited to $100,000.00 from EVWR and $40,000.00 from CSX; therefore, any interest should be based on that amount, not the amount paid by Lloyds. Additionally, any amount of prejudgment interest shall be proportioned according to recovery.

CSX counters that prejudgment interest is not warranted as CSX was never properly placed on notice of the impending claim (Doc. 428). In support of its position, CSX refers to testimony regarding erroneous emails (Doc. 428). While this Court is mindful of some technical and procedural deficiencies, there is no question that CSX was aware of potential liability in the immediate aftermath of the derailment. CSX also claims that Lloyds forfeited its right to challenge the judgment as 28 days had passed; however, Lloyds timely filed this motion once the judgment was amended and corrected.

This Court finds no reasonable ground that bars a prejudgment interest award. As such, this Court grants the motion, and awards Lloyds $17,555.55 in prejudgment interest, with 71.429 %, or $12,539.75 attributed to EVWR and 28.571%, or $5,015.80 attributed to CSX.

## Conclusion

For the reasons set forth above, the Court has ruled on the pending matters

and has amended the judgment to reflect the issuance of prejudgment interest.

**IT IS SO ORDERED.**

**DATED:  June 28, 2023**

>  **/s/ Stephen P. McGlynn**
>  **STEPHEN P. McGLYNN**
>  **U.S. District Judge**